**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
─────────────────────────────────────

Benjamin Holmes,

      **Plaintiff,**      09 Civ. 4124 (JGK)

   **- against -**       <u>MEMORANDUM OPINION AND</u>
               <u>ORDER</u>
Commissioner of Social Security,

      **Defendant.**
─────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

   The plaintiff <u>pro</u> <u>se</u>, Benjamin Holmes (the "plaintiff"), moves to reopen his case in this Court against the Commissioner of Social Security (the "Commissioner" or the "defendant"). The defendant opposes the motion.

I

   On March 30, 2005, the plaintiff filed an application for disability benefits under Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 401 <u>et seq.</u>, 1381 <u>et seq.</u>  In the application, the plaintiff alleged that the onset of his disability began on February 18, 2005.  In a partially favorable decision dated May 16, 2007, however, the presiding Administrative Law Judge determined that the plaintiff had only been disabled as defined by the Act beginning November 22, 2006.

   Dissatisfied with the decision, the plaintiff filed a request for review with the Appeals Council.  The Appeals Council denied the request and allowed the Administrative Law Judge's decision to stand as final.  On April 27, 2009, the plaintiff then filed a

civil action in this Court seeking judicial review of the final
decision.  In October 2009, the parties stipulated to remand the
action to the Commissioner for further administrative proceedings
pursuant to sentence four of 42 U.S.C. § 405(g).  A judgment
reflecting this agreement was entered by this Court on October 27,
2009.  (Doc. No. 15.)

Upon remand, the presiding Administrative Law Judge held a
hearing on June 16, 2010, regarding the plaintiff's disabled
status for the period from February 18, 2005, through November 21,
2006.  The Administrative Law Judge issued a decision fully
favorable to the plaintiff on or about June 25, 2010, finding that
the plaintiff was disabled under the Act during the contested
period.  The plaintiff then moved in this Court on July 12, 2010,
to "reopen" his case.  The plaintiff asserts that an application
for disability benefits that he filed in 1980 should have been
addressed during the proceedings for his March 2005 application.

II

The plaintiff asks this Court to "reopen [his] case[]
against the Commissioner . . . because the Judge did not go back
to 1980."[1]  (See Pl.'s Notice of Mot.; Doc. No. 17 at 1.)  Although

---

[1]  The plaintiff does not indicate the authority under which he
brings this motion to reopen.  (See Pl.'s Notice of Mot.)  The
defendant speculates that the motion could be construed as a
request for relief under Federal Rule of Civil Procedure 59(e) or
60(b). Under either Rule, the request is without merit. If
construed as a motion to alter or amend under Rule 59(e), then, as
an initial matter, the motion is untimely.  A motion to alter or

the plaintiff received a fully favorable ruling that recognized his disabled status as of February 18, 2005, the plaintiff now contends that he filed an application for disability on or about July 28, 1980, and that this 1980 application was not addressed adequately either during the June 2010 hearing or in the final fully favorable ruling. (Doc. No. 17 at 4.) The plaintiff asserts that he should be compensated for his 1980 claim. (Doc. No. 17 at 4.)

The plaintiff's disability claim of July 1980 was not at issue during the proceedings before this Court, which concerned the March 2005 application. No disability dating back to 1980 was alleged in the plaintiff's application of March 30, 2005. In his March 2005 application, the plaintiff alleged that his disability began on February 18, 2005. This alleged onset date was reiterated to the Commissioner by the plaintiff's then attorney on June 11, 2010. (Doc. No. 17 at 27.) Both of the Commissioner's final decisions relating to the plaintiff's March 2005 application evaluated the alleged disability onset date of February 18, 2005 —

---

amend must be filed 28 days after entry of the judgment, and the only judgment entered by this Court in this matter was issued on October 27, 2009. The plaintiff filed his motion to reopen on July 12, 2010. Therefore, his motion is out of time under Rule 59(e). If the motion were construed as a motion for relief under Rule 60(b), then the plaintiff has failed to establish any relevant ground for relief from the October 27, 2009, judgment. See Fed. R. Civ. P. 60(b). However, the plaintiff does not appear to seek relief from the Court's judgment of October 2009; rather, the plaintiff seeks judicial review of the Commissioner's final, fully favorable ruling of July 2010.

not any date prior.  Because it appears that the plaintiff seeks
now to raise a separate claim based upon an application submitted
in 1980, his motion must fail.

First, the plaintiff cannot raise a claim for judicial review
without a proper showing that he has exhausted administrative
remedies regarding that claim.  See 42 U.S.C. § 405(g); see also
Califano v. Sanders, 430 U.S. 99, 108 (1977); Weinberger v. Salfi,
422 U.S. 749, 763-65 (1975).  Here, the plaintiff has not
proffered evidence that he has in fact exhausted his
administrative remedies with respect to his 1980 application,
namely that he has received a final ruling after a hearing on his
1980 claim.

Second, even if the plaintiff had exhausted his
administrative remedies on his 1980 claim, he would still need to
file a complaint regarding this claim.  Under 42 U.S.C. § 405(g),
a plaintiff has 60 days from the time notice of the Commissioner's
final decision is sent in which to file a civil action seeking
judicial review within a District Court.  42 U.S.C. § 405(g).  The
plaintiff has filed no such complaint for review of any decision
regarding a 1980 claim.

Finally, any litigation that was before this Court previously
was terminated when this Court entered the Order of October 27,
2009, pursuant to sentence four of 42 U.S.C. § 405(g).  See
Shalala v. Schaefer, 509 U.S. 292, 299 (1993).  According to

4

Schaefer, "[u]nder § 405(g), each final decision of the
[Commissioner is] reviewable by a separate piece of litigation,
and a sentence-four remand order terminates the civil action
seeking judicial review of the [Commissioner's] final decision."
Schaefer, 509 U.S. at 299 (emphasis in original) (internal
quotation marks omitted).  Therefore, even if the 1980 claim had
been at issue in the Commissioner's final fully favorable decision
of June 2010, or if the plaintiff were to receive a final decision
after a hearing regarding his 1980 claim now, the only relief he
could seek would be to file a new complaint with this Court.
Thus, while the plaintiff is entitled to seek further review by
this Court of additional proceedings before the Commissioner, the
plaintiff must do so by filing a separate complaint with respect
to any such administrative decision.

CONCLUSION

For the reasons explained above, the plaintiff's motion to
reopen the case is **denied**.

SO ORDERED.

Dated:     New York, New York
           November 30, 2010

                              John G. Koeltl
                              United States District Judge

5